UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:12-CR-00381 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | ORDER |
|  | : | [Resolving Docs. 180, 181, and 182] |
| SAMER SAMMOR, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Samer Sammor moves this Court to grant credit for prior custody.[1] The government opposes.[2] For the following reasons, this Court **DENIES** the Defendant's motion.

On October 18, 2012, Defendant Sammor pled guilty to one count of False Claims pursuant to 18 U.S.C. § 287.[3] On January 3, 2013, this Court sentenced Sammor to 18 months incarceration.[4] On September 25, 2013, Defendant Sammor filed the instant motion. Sammor says he should be given full credit for time served in federal custody between September 4, 2012 and October 3, 2012 pursuant to 18 U.S.C. § 3585(b).[5]

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins."[6] However, it is the Attorney General and the Bureau of Prisons, not the district court, that computes the

---

[1] Doc. 180.
[2] Doc. 181.
[3] Doc. 69.
[4] Doc. 136.
[5] Doc. 180.
[6] *United States v. Wilson*, 503 U.S. 329, 330 (1992).

Case No. 1:12-CR-00381
Gwin, J.

credit under 18 U.S.C. § 3585(b) when administering the sentence.[7/]  Therefore, this Court does not have jurisdiction over this claim.

Moreover, even if the Court did have jurisdiction, Defendant Sammor would not be entitled to the credit.  Under 18 U.S.C. § 3585(b), a defendant cannot receive credit for time that has credited to another sentence.  In relevant part, 18 U.S.C. § 3585(b) provides "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date of the sentencing commences–(1) as a result of the offense for which the sentence was imposed . . . *that has not been credited against another sentence.*"[8/]  On September 4, 2012, when Defendant Sammor was taken into federal custody, he was completing a sentence in a separate federal case.[9/]  Sammor completed his sentence for this other case on October 3, 2012.[10/]  From September 4, 2012 to October 3, 2012, Sammor received credit towards his sentence in the earlier federal case.  Therefore, Sammor is not entitled to the credit in the instant case pursuant to 18 U.S.C. § 3585(b).

Accordingly, the Court **DENIES** Defendant Sammor's Motion Granting Credit for Prior Custody.

IT IS SO ORDERED

Dated: October 18, 2013                                 s/        *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[7/]*Id.* at 333-336.
[8/]18 U.S.C. § 3585(b) (emphasis added).
[9/]Doc. 180. at 1-2.
[10/]*Id.*