UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :       CASE NO. 1:12-CR-00381-1
              Plaintiff-Respondent,                 :            1:13-CV-02746
                                                    :
vs.                                                 :       OPINION & ORDER
                                                    :       [Resolving Doc. No. 184]
SAMER SAMMOR,                                       :
                                                    :
              Defendant-Petitioner.                 :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this action brought under 28 U.S.C. § 2255, Defendant Samer Sammor moves, *pro se*, to

vacate his conviction and sentence on one count of making a false claim against the United States.[1]

Sammor says that his attorney, Terry Gilbert, was constitutionally ineffective for failing to move to

dismiss the indictment on the ground of prosecutorial vindictiveness.[2]  The United States opposes

Sammor's motion.[3]  For the following reasons, the Court **DENIES** Sammor's motion.

## I. Factual and Procedural Background

       On March 17, 2011, a grand jury charged Sammor with six counts relating to a bank fraud

scheme that took place in 2005.[4]  On August 24, 2011, as part of a plea agreement, Sammor pled

guilty to two counts, and the United States agreed to move to dismiss the remaining four counts.[5]

On November 22, 2011, the Court sentenced Sammor to nine months of imprisonment, four years

---

[1]Doc. 184.

[2]*Id.*; Doc. 184-1.

[3]Doc. 191.

[4]*United States v. Sammor*, Case No. 1:11-CR-108-2, Doc. 1 (indictment).

[5]*United States v. Sammor*, Case No. 1:11-CR-108-2, Doc. 98 (minutes of change of plea hearing); Doc. 103 (plea agreement).

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

of supervised release, and $53,988.17 in restitution.[6]

On August 15, 2012, a grand jury charged Sammor with eight counts relating to a scheme of cashing fraudulently-obtained IRS checks in 2010 to 2011.[7]  Apparently, different Assistant United States Attorneys investigated and prosecuted the two cases.

On October 18, 2012, Sammor entered a plea agreement with the United States.[8]  Sammor agreed to plead guilty to one count of making false claims against the United States and to cooperate with the government in the investigation and prosecution of his co-defendants.[9]  Sammor testified at the trial of one of his co-defendants.

The United States agreed to move to dismiss the remaining seven counts and to move for a departure of up to three levels pursuant to U.S.S.G. § 5K1.1 at Sammor's sentencing, depending on Sammor's cooperation.[10]

At sentencing, the Court granted the government's motion to dismiss the remaining seven counts and for a three-level departure under § 5K1.1.[11]  Sammor's attorney, Terry Gilbert, argued in a sentencing memorandum and at the hearing that the Court should consider Sammor's previous federal sentence in determining an appropriate sentence.[12]  Sammor's counsel suggested that the Court not sentence Sammor to any additional prison time.[13]

The Court did take Sammor's previous sentence into account in sentencing Sammor to 18

---

[6] *United States v. Sammor*, Case No. 1:11-CR-108-2, Doc. 147 (judgment).

[7] Doc. 1.

[8] Doc. 69 (minutes of change of plea hearing; Doc. 75 (plea agreement).

[9] Doc. 75 at 1, 6 ¶ 19.

[10] *Id.* at 1, 6 ¶ 20.

[11] Doc. 188 at 11:22-12:1, 32:21-24 (transcript of sentencing hearing).

[12] Doc. 135 at 1-2 (sentencing memorandum); Doc. 188 at 12:10-20:3.

[13] Doc. 188 at 16:8-17, 22:6-18.

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

months of incarceration, slightly below the 21-to-27 month guidelines range, and specifically noted, "The 18 months is picked only because of the fact that you had this federal bank fraud that otherwise you would have gotten more."[14] The Court also imposed three years of supervised release and $25,429 in restitution.[15]

On December 13, 2013, Sammor moved to vacate his conviction and sentence. In support of the motion, Sammor argues that Attorney Gilbert provided constitutionally ineffective counsel.[16] Sammor says that the government committed prosecutorial vindictiveness because the government did not disclose the existence of the second investigation while Sammor was negotiating a plea in the first case.[17] Therefore, Sammor says that Attorney Gilbert should have moved to dismiss the indictment for prosecutorial vindictiveness.[18]

The United States opposes the motion.[19]

## II. Legal Standard

### A.    Section 2255 Motion

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;

---

[14]/*Id.* at 30:11-18
[15]/Doc. 142 (judgment).
[16]/Doc. 184.
[17]/Doc. 184-1 at 10-12.
[18]/*Id.*
[19]/Doc. 191.

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

    2) That the court was without jurisdiction to impose such sentence;

    3) That the sentence exceeded the maximum authorized by law; or

    4) That the sentence is otherwise subject to collateral attack.[20]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[21]  And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[22]

**B.**    **Ineffective Assistance of Counsel**

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test.  First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[23]  Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."[24]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[25]  The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result

---

[20]/*Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).

[21]/*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

[22]/*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

[23]/*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[24]/*Id.* at 689.

[25]/*Id.* at 687.

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[26]

### III. Analysis

Defendant Sammor's sole claim of ineffective assistance of counsel is based on his contention that the second indictment was the product of prosecutorial vindictiveness.[27] He says that because the second indictment was the product of prosecutorial vindictiveness, Attorney Gilbert was constitutionally ineffective for failing to bring a motion to dismiss the indictment.[28]

The Court finds that Sammor cannot show he was prejudiced by Attorney Gilbert's failure to bring a motion to dismiss because no reasonable probability exists that the Court would have granted the motion. The Court also finds that Attorney Gilbert did not provide constitutionally deficient counsel because he reasonably chose to use Sammor's prior conviction as an argument for a lower sentence rather than make the likely losing argument that the second indictment should be dismissed.

First, to make out a claim for prosecutorial vindictiveness, a defendant must show either that the prosecutor "acted in order to punish the defendant for standing on his legal rights," actual vindictiveness, or that "(1) the prosecutor has some stake in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable," a reasonable likelihood of vindictiveness.[29]

Defendant Sammor identifies no "legal right" Sammor exercised in the first case for which

---

[26]*Id.* at 694.
[27]*See* Doc. 184-1.
[28]*See id.*
[29]*United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (internal quotation marks and citations omitted).

-5-

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

the government would wish to punish him.  Recall, Sammor pled guilty to two of the charges in the bank fraud case, and the government agreed to dismiss the remaining charges.  Moreover, in the tax fraud case, Sammor again pled guilty to one charge and even testified against his co-defendant, and the government moved for a three-level departure and to dismiss the remaining seven counts.

Because Sammor did not exercise a legal right that the government would wish to punish, Sammor cannot satisfy the elements of either actual vindictiveness or a reasonable likelihood of vindictiveness.  Therefore, Sammor does not show a reasonable likelihood that the Court would have granted a motion to dismiss and cannot show he was prejudiced when Attorney Gilbert did not move to dismiss the indictment.

Second, even assuming a motion to dismiss had some possibility of success, Attorney Gilbert did not ignore Sammor's first conviction.  Instead, he used Sammor's prior sentence for bank fraud as a basis to give Sammor a sentence below the guideline range; the Court agreed with this argument and sentenced Sammor below the guidelines range.

This Court's review of Attorney Gilbert's tactical decisions must be "highly deferential."[30] Having considered the small likelihood of success a motion to dismiss would have had; counsel's decision to use the fact of Sammor's prior conviction and sentence as an argument for a lower sentence; and counsel's persuasiveness in making that argument, the Court cannot conclude that Attorney Gilbert was constitutionally deficient.

Therefore, Sammor cannot show he received constitutionally deficient counsel or that any deficiency actually prejudiced him, and his claim of ineffective assistance of counsel loses.

---

[30]*Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Case No. 1:12-CR-00381-1; 1:13-CV-02746
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Sammor's motion under 28 U.S.C.

§ 2255.  Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith, and no basis exists upon which to issue a certificate of

appealability.[31/]

IT IS SO ORDERED.


Dated: March 13, 2014                                      s/         *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

_____

[31/]28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).